IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DONALD L. OLSON

                Plaintiff,

   v.

CHICAGO TITLE INSURANCE COMPANY,
and CITY OF GRANTS PASS

                Defendants.

Case No. 1:15-cv-01692-CL

**Report & Recommendation**

CLARKE, Magistrate Judge.

This action was removed to federal court by the defendant, Chicago Title Insurance Company ("CTIC"), purportedly on the grounds of diversity jurisdiction. 14 U.S.C. § 1441(b), (#1). Defendant, City of Grants Pass ("Grants Pass"), moves to remand the case to state court (#30). As discussed below, because this Court lacks subject matter jurisdiction over the case, the Motion to Remand should be GRANTED.

Page 1 – ORDER

## BACKGROUND

This case arises out of a breach of contract dispute between a title insurance company and an insured person. Pl. Compl. (#2). Plaintiff claims that Defendant, CTIC, failed to pay his claimed losses on four different properties. *Id.* Plaintiff is seeking payment of damages and attorney's fees. *Id.* Defendant claims that the City of Grants Pass's System Development Charges ("SDCs") are not liens against the properties and thus excluded from insurance claims. Def. Mot. at 2 (#16).

This case originated in Josephine County Circuit Court, Case No. 15-CV-2079, on August 6, 2015. Pl. Compl. CTIC removed to federal court on September 8, 2015 under 28 U.S.C. § 1332. Notice of Removal (#1). The parties were completely diverse—CTIC is a Nebraska corporation, and Plaintiff is a citizen of the State of Oregon—and the amount in controversy exceeded $75,000. *Id.* at ¶¶ 4-5, 7.

On April 13, 2016, Plaintiff filed his First Amended Complaint (#27) in which he joined defendant, Grants Pass, an Oregon political subdivision as defined by ORS 657.097. Pl. Am. Compl. ¶ 3. On June 7, 2016, Plaintiff moved to remand to state court. Pl. Mot. (#30).

## DISCUSSION

Plaintiff argues that because the new defendant is a citizen of the state of Oregon there is no longer complete diversity of parties and thus, subject matter jurisdiction is destroyed. *Id.* at 2. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts are presumptively without jurisdiction over civil cases and the party invoking the court's jurisdiction bears the burden of establishing subject matter jurisdiction. *Id.* "If at any time before final judgment it appears that the district court lacks

subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Bell v. City of Kellogg*, 922 F.2d 1418, 1424 (9th Cir. 1991).

On a motion for remand, the party opposing remand has the burden to establish that removal was proper. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The removal statute, 28 U.S.C. § 1441, is strictly construed against the party seeking to establish grounds for removal. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). A federal court presented with a motion to remand is limited solely to the question of its authority to hear the case pursuant to the removal statute. *Okot v. Callahan*, 788 F.2d 631, 633 (9th Cir. 1986).

Original jurisdiction exists in cases of complete diversity where each of the plaintiffs is a citizen of a state different from each of the defendants and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Where there is complete diversity between the parties, removal is proper only if no party in interest properly joined and served as a defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89-90 (2005).

"Absent diversity of citizenship, federal question jurisdiction is required." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A civil action filed in a state court may be removed to federal court if the claim is one "arising under" federal law. 28 U.S.C. § 1441(b). Whether a claim "arises under" federal law for removal purposes is determined by the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998) (citing *Caterpillar*, 482 U.S. 392). If only state law claims are pleaded in

the complaint, removal jurisdiction is lacking. *Id.* A defendant may not create removal jurisdiction based upon its defenses or counterclaims. *Caterpillar*, 482 U.S. 393.

This case was removed to federal court on the basis of diversity jurisdiction. However, complete diversity was destroyed when Plaintiff filed his Amended Complaint joining Grants Pass, and Plaintiff has not asserted a federal question in his complaint.

Because this Court no longer has subject matter jurisdiction this case should be remanded to state court for further proceedings.

## ORDER

Based on the foregoing, Defendant's motion (#30) should be GRANTED and this case should be REMANDED to state court.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* Fed. R. Civ. P. 72, 6.

Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this _____ day of July, 2016.

MARK D. CLARKE
United States Magistrate Judge